IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02977-RPM

KYLE MERLIN GILMAN,

Plaintiff,

v.

LOOMIS ARMORED US, LLC,

Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Kyle Merlin Gilman ("Gilman") and Defendant Loomis Armored US, LLC ("Loomis") (together, the "Parties") hereby stipulate and move, under Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order governing the treatment of Highly Confidential Information (as defined in Paragraph 2), and in further support, state as follows:

1.    In this action, each of the Parties seek or will seek Highly Confidential Information (as defined in Paragraph 2) through written discovery in this case and expect that there will be questioning concerning such information in the course of depositions and other proceedings.  The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, and/or the privacy interests of Loomis' current or former employees, customers or related entities.  In addition, the public disclosure of the Highly Confidential Information could cause irreparable harm to the

financial and business interests of Loomis and its customers. The Parties have agreed to the language of this proposed Stipulated Protective Order ("Protective Order") to protect those interests and request that the Court enter it for the purpose of preventing the disclosure and use of Highly Confidential Information except as set forth below. Nothing in this Protective Order is intended, nor shall it be construed, as a waiver or an admission that any documents or information are admissible or contain confidential, proprietary business information, or trade secrets. This Protective Order is simply a procedural framework to facilitate the discovery processes and provide protections concerning documents and information exchanged between and among the parties and non-parties in this case. No part of this agreement shall be used in this action or any other action as evidence that any party has waived or admitted to any claims solely by designating documents or information as Highly Confidential Information.

    2.    "Highly Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, (a) which is designated by one or more of the Parties in the manner provided in Paragraph 3, and (b) contains any personnel, trade secret, research and development, customer, technological, security or loss prevention information concerning Loomis or Loomis' clients, or other confidential or proprietary information, including, but not limited to:

    a.    Loomis' or its clients' security and loss prevention research, strategies, methods, training, protocols, processes, procedures, and equipment (including but not limited to the type, location, and use of such equipment);

      b.      Loomis' or its clients' investigation strategies, methods, training, protocols, processes and procedures;

      c.      Maps, plans, schematic drawings, representations or other descriptions of the location or internal layout of Loomis' or its clients' facilities, equipment and financial and other assets;

      d.      Deployment of Loomis' or its clients' personnel (including but not limited to delivery routes, shift assignments, worker locations, and timing of shift changes); and

      d.      Loomis' or its clients' recruitment, screening, testing, hiring, retention, training, discipline or termination of prospective or current employees or contractors as they pertain to security issues.

2.A.    Highly Confidential Information shall not include information in any form which, as of the date of this Order, is in the possession of the non-Designating Party or which is in the public domain, including information provided to the government agencies who investigated and made recommendations regarding the charges against Plaintiff in connection with an alleged theft from Defendant, provided, however, that Plaintiff shall not provide Loomis with any report from the National Crime Information Center (NCIC).

3.     Where Highly Confidential Information is produced, provided or otherwise disclosed by either of the Parties in response to any discovery request, it will be designated in the following manner:

  a. By imprinting the words "Highly Confidential" on the first and every page of any document produced, or for information produced in electronic form, by labeling the file, CD, or other medium of storage and transmittal with the term "Highly Confidential Information";

  b. With respect to Highly Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the words "Highly Confidential" next to or above any response to a discovery request;

  c. With respect to transcribed testimony, by designating to opposing counsel and the court reporter or other recorder during testimony those portions of the testimony that are to be identified and sealed in any transcript or record as "Highly Confidential" and/or by giving written notice to opposing counsel and the court reporter designating those portions of the transcript or record that are "Highly Confidential," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

 4. All Highly Confidential Information provided by either of the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

  a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

  b. It shall not be communicated or disclosed by counsel for either of the Parties, or by the Parties themselves, in any manner, either

directly or indirectly, to anyone other than the parties, their legal counsel, members of legal counsel's staff, and the Court, under seal as described in Paragraph 11. In addition, to the extent that disclosure of Highly Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Highly Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure.

5. Individuals authorized to review Highly Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the Highly Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or as described in Paragraph 4, and shall not use such information for any purpose not necessary to the prosecution or defense of this case.

6. Counsel for each Party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom Highly Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of Highly Confidential Information, and shall maintain a list of all persons to whom any Highly Confidential Information is disclosed and a description of the specific Highly Confidential Information disclosed to each such person.

7. During the pendency of this action, a Party may, upon court order or agreement of the Parties, inspect the list maintained by counsel for the other Party as

described in Paragraph 6, upon a showing of substantial need, in order to establish the source of an unauthorized disclosure of Highly Confidential Information. If counsel for the Party disagrees with the requesting Party's counsel's showing of substantial need, then counsel for the requesting Party may seek an order requiring inspection under terms and conditions deemed appropriate by the Court. Upon final resolution of this action, counsel for the Parties shall provide a copy of the list of disclosures to the other Party and file a copy of the list under seal with the Court.

8. No copies of Highly Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Highly Confidential Information, as well as any copies made therefrom under Paragraph 8.

10. If counsel for the non-designating Party objects to the designation of certain information as Highly Confidential Information, he or she shall promptly inform the designating Party's counsel in writing of the specific grounds of objection to the designation. Designating counsel shall then within seven (7) days provide in writing the specific grounds for having designated the information as Highly Confidential Information. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, counsel are unable to resolve their dispute, the designating Party may move for a protective order to maintain the Highly Confidential status of the information. Any motion for protective order shall be

filed within fourteen (14) days of receipt by the non-designating Party's counsel of the designating counsel's written grounds for the designation of information as Highly Confidential Information, and the information shall continue to have Highly Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. Any motion requesting leave to file or introduce documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Highly Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)). Counsel for a Party submitting a motion to seal shall not file Highly Confidential Information or introduce it in a court proceeding unless and until the Court grants the motion to seal. Submission of any Highly Confidential Information to the Court under seal shall not otherwise relieve the Parties or their counsel of their obligations as described in Paragraph 4.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Highly Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents and/or information produced subject to the Order.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the designating Party all Highly Confidential Information produced subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Counsel also shall provide the Court and the non-designating Party with written verification that any of counsel's work product referencing Highly Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Highly Confidential Information shall be treated at trial.

This Protective Order shall be binding upon any future Party(ies) to this litigation.

DATED this 29th day of August 2011.

                                       BY THE COURT:

                                       s/Richard P. Matsch

                                       _____
                                       Richard P. Matsch
                                       United States District Judge

9

APPROVED AS TO FORM:

| | |
|---|---|
| s/ Donald L. Salem | s/ Christopher M. Leh |
| Donald L. Salem | Christopher M. Leh |
| FELDMANN, NAGEL, BRAUCHLER & WEEDEN, L.L.C | Katherine S. Dix |
| | Oliver J. McKinstry |
| 1515 Wazee St., Suite 300 | LITTLER MENDELSON P.C. |
| Denver, CO  80202 | 1200 17th Street, Suite 1000 |
| Telephone:  303.813.1200 | Denver, CO  80202-5835 |
| Facsimile: | Telephone:  303.629.6200 |
| | Facsimile:   303.629.0200 |
| ATTORNEY FOR PLAINTIFF KYLE MERLIN GILMAN | ATTORNEYS FOR DEFENDANT LOOMIS ARMORED US, LLC |

**EXHIBIT A**

STATE OF _____ )
                                    ) ss.
_____ COUNTY          )

_____, swears or affirms and states under penalty of perjury:

1.    I have read the stipulated protective order entered in KYLE MERLIN GILMAN v. LOOMIS ARMORED US, LLC, (Case No. 10-cv-02977-RPM), a copy of which is attached to this affidavit (the "Protective Order").

2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are, as defined in the Protective Order as Highly Confidential Information.

3.    I promise that I have not and will not divulge, or undertake to divulge to any person (including but not limited to the non-designating Party itself/himself/themselves) or recording device any Highly Confidential Information, as the case may be, that is communicated or disclosed to me except as authorized in the Protective Order. I will not use the Highly Confidential Information for any purpose other than this litigation and will otherwise comply with the terms of the Protective Order.

4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the personal jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order in this case.

Executed this \_\_\_ day of _____, 20\_\_

_____

STATE OF _____ )
                                                  ) ss.
_____ COUNTY           )

SUBSCRIBED AND SWORN TO before me this \_\_\_\_ day of _____ 20\_\_, by _____.

WITNESS MY HAND AND OFFICIAL SEAL.

_____
Notary Public

My Commission Expires _____

Firmwide:103523011.1 028378.1078